## (January 13, 1975)

■ BILLIE DAVIS, Plaintiff, and JOSEPH DAVIS, Appellant, v. CITY OF NEW YORK, Respondent. (Action. No. 1.) BILLIE DAVIS, Plaintiff, and JOSEPH DAVIS Appellant, v. MOE ASHLEY, Respondent. (Action No. 2) — In medical malpractice actions, plaintiff Joseph Davis appeals from an order of the Supreme Court, Kings County, entered January 18, 1974, which (1) granted a cross motion by the City of New York, defendant in Action No. 1, for summary judgment dismissing the complaint in that action for failure to comply with sections 50-e and 50-i of the General Municipal Law and (2) denied said plaintiff's omnibus motion for sundry relief as academic. Order modified by adding thereto, as a new first decretal paragraph, the following: " ORDERED that so much of plaintiff Joseph Davis's motion as seeks substitution of himself as administrator of the estate of his deceased wife, plaintiff Billie Davis, in the place and stead of said plaintiff Billie Davis, and to amend the titles of Action No. 1 and Action No. 2 accordingly, be and the same is hereby granted"; and by deleting the last decretal paragraph thereof, which denied plaintiff Joseph Davis's omnibus motion as academic, and substituting therefor the following: " ORDERED that the relief requested in items numbered 2, 3, 4, 6 and 7 in plaintiff's notice of motion be and the same hereby is denied on the ground that said items are academic." As so modified, order affirmed, without costs. The actions are remitted to Special Term for a determination as to items numbered 8, 9 and 10 in plaintiff's notice of motion. Under the circumstances at bar it was error to deny the motion of plaintiff Joseph Davis for substitution of himself as administrator of the estate of the deceased plaintiff Billie Davis, as a party plaintiff in her place and stead (CPLR 5016, subd. [d]). While we agree that dismissal of the complaint in Action No. 1 was proper, it was error to deny as academic those branches of plaintiff Joseph Davis's motion which sought relief solely as to Action No. 2. Accordingly, the matter must be remitted to Special Term for a determination as to those matters. Shapiro, Acting P. J., Cohalan, Christ and Brennan, JJ., concur; Benjamin, J., dissents and votes to reverse the order, deny summary judgment to defendant City of New York in Action No. 1 and reinstate the complaint, with the following memorandum: These are actions to recover damages for pain and suffering which arose out of the alleged negligence of defendants in the care and treatment of the deceased plaintiff, Billie Davis, for a tumor of the breast. On February 20, 1968 Billie Davis visited the Fort Greene Cancer Detection Center for an examination in connection with a lump in her breast. Blood and urine specimens were taken on that date. Pursuant to the defendant City of New York's instructions, she returned on February 26, 1968 for a full physical examination. The examining physician diagnosed the condition of the breast as chronic cystic mastitis and told Mrs. Davis that there was " nothing to be concerned about ". She was advised to return in two years. However, one year later, in February, 1969, she returned to the center, at its request, for laboratory tests. In December, 1969, when her condition worsened, she called the center for aid and was told not to come down until she received a letter so indicating. Thereafter, on January 23, 1970, surgery was performed on her by a private physician. It was discovered that she was suffering from a carcinoma of the right breast, with extensive mestastases to auxiliary lymph nodes, necessitating a radical mastectomy. Following the surgery, she received a letter from the center scheduling an appointment for February 17, 1970. Death came on February 16, 1973. On April 13, 1970, a notice of claim alleg-

ing negligence and malpractice, was served upon the City of New York and, on December 22, 1970, a summons and a complaint were served upon it. An answer was served which set forth the affirmative defense of failure to comply with sections 50-e and 50-i of the General Municipal Law. Thereafter, the defendant city successfully moved for summary judgment on that ground. If the cause of action is to be measured from February 20, 1968, the date of the center's diagnosis, the notice of claim was not timely served and the complaint must be dismissed. On the other hand, if the center was engaged in a continuous course of treatment of Mrs. Davis, the notice of claim was served well within 90 days after receipt of the center's notice for her to appear on February 17, 1970 and, hence, was timely. Clearly, diagnosis is central to treatment and diagnostic advice must be so considered. On this record, questions of fact were presented as to whether the notice of claim was served within 90 days after the claim arose under the continuous course of treatment theory consisting of such diagnostic advice (*Borgia* v. *City of New York*, 12 N Y 2d 151; *Capuano* v. *Jacobs*, 33 A D 2d 743, affd. 27 N Y 2d 776).